IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

GERALD WAYNE BLACKMON                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:20-CV-00196-GHD-DAS

TUPELO-LEE COUNTY JAIL                                                                   DEFENDANT

### ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

This matter comes before the Court upon Plaintiff's motion for injunctive relief which he has styled as a "petition to receive relief from harrasment [sic]." Doc. # 18.

A party seeking injunctive relief must prove four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that the injunction will cause the non-movant; and (4) that the injunction is in the public interest. *Women's Med. Ctr. Of Nw. Houston v. Bell*, 248 F.3d 411, 419 n. 15 (5th Cir. 2001); *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). An injunction is an extraordinary remedy that is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (citation omitted); *see also Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976) ("injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury").

In the instant motion, Plaintiff argues he *believes* that, since the filing of his complaint, county jail administrators are using a "bias[ed]" and "threat[ening]" tone when interacting with him. Doc. # 18 at 2. By way of relief, Plaintiff asks the Court for an injunction to "help [him] move forward [with his lawsuit] . . . without prejudice." *Id.* at 3. Plaintiff, however, fails to

identify any particular actions, verbal[1] or physical, taken by Defendants which are threatening. Aside from these conclusory allegations, Plaintiff merely regurgitates his dissatisfaction with the conditions of his confinement, which he has already described in his complaint.

Upon due consideration, the Court finds that a denial of injunctive relief will not cause Plaintiff irreparable injury. Rather, the Court finds that the ordinary judicial process is sufficient to remedy any injuries Plaintiff has suffered or might suffer as a result of Defendant's alleged actions. Moreover, the Court notes that the *Spears* hearing in the matter has not yet been held and, consequently, Plaintiff cannot show a substantial likelihood of success on the merits at this time. Accordingly, Plaintiff's motion [18] for injunctive relief is hereby **DENIED**.

**SO ORDERED**, this the 26th day of October, 2020.

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] The Court notes that mere verbal abuse and harassment by a prison official does not amount to a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (citation omitted).

2